UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN FITZGERALD MESCALL,<br><br>                    Plaintiff,<br><br>          -against-<br><br>BRONX RESIDENTIAL CENTER; GEO;<br>FEDERAL BUREAU OF PRISONS; TRI-<br>CENTER,<br><br>                    Defendants. | 22-CV-4557 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction.[1] Plaintiff contends that the Bureau of Prisons (BOP) has a policy that prevents him, during his home confinement, from using a particular medication ("Dextroamp") to treat his attention deficiency hyperactive disorder (ADHD). Plaintiff invokes the Americans with Disabilities Act (ADA), and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*., and asserts a violation of his constitutional right to substantive due process.

Plaintiff sues the BOP and three private entities providing services to federal prisoners (Tri Center, Inc., Geo Halfway House, and the Bronx Residential Center). He seeks preliminary injunctive relief and asks the Court to seal this action. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

---

[1] This action was originally filed in the United States District Court for the Eastern District of New York, which transferred it here. By order dated June 21, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff Sean Mescall is in the custody of the BOP but is currently on home confinement in Newburgh, New York. Plaintiff is monitored "via a cell phone," by GEO Halfway House in Bronx County, New York, and receives medical services from TRI Center, Inc. (ECF 1 at 2-3.) Plaintiff receives "aftercare for substance abuse of alcohol and opioids," including taking "suboxone to treat his alcohol and opioid cravings" (*id.* at 1, 4), and he takes medication prescribed for depression.

Plaintiff was diagnosed with ADHD when he was five years old. After his release to home confinement, Plaintiff's private primary care doctor prescribed Dextroamp for his ADHD. (*Id.* at 2.) The BOP, however, "wants him to take a non-controlled substance analogous to Wellbutrin." (*Id..*) A doctor from TRI Center, Inc., which provides medical services to federal prisoners, prescribed Atomoxetine for Plaintiff's ADHD; that medication caused Plaintiff severe nausea and vomiting, extreme fatigue, loss of appetite and other symptoms. (*Id.*)

Case Manager Ortiz from GEO Halfway House told Plaintiff that he could not take Dextroamp unless the BOP approved it. Dr. "Tina" at Tri Center, Inc. told Plaintiff that BOP

2

policy "forbids [prescribing] controlled substance Dextroamp." (*Id.* at 2, n.1.) Dr. Tina

"advocated and argued for Mescall" and recommends that Adderall be prescribed for him, *id.* at

4, but it is unclear if he received Adderall, Wellbutrin, or any medication other than Atomoxetine.

Plaintiff contends that the BOP is "forbidding treatment of a disorder" and requiring him

to "take medicines only approved by the BOP," which he argues violates the ADA and his right

to substantive due process. Plaintiff contends that he "has never abused Dextroamp, and has no

history of abuse with respect to any mental stimulant for treatment of ADHD." (*Id.*) He never

"sold or took any drug analogous to the drug" at issue. (*Id.*)

Plaintiff brings suit against the "Bronx Residential Center," "Geo," "Tri-Center," and the

BOP. He invokes disability discrimination statutes (the ADA and the Rehabilitation Act), and

asserts a violation of his right to substantive due process. Plaintiff seeks to enjoin Defendants

from preventing him from taking Dextroamp.

## DISCUSSION

### A.    Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12132. A "public entity" is defined in Title II of the ADA to include "any

State or local government" and "any department, agency, . . . or other instrumentality of a State,"

42 U.S.C. § 12131(1); *United States v. Georgia*, 546 U.S. 151, 154 (2006) (Title II of the ADA

"prohibits state and local governments from discriminating against people with disabilities in

government programs, services, and activities").

The federal government and its agencies are not covered under Title II of the ADA.

Plaintiff's allegations that the BOP violated his rights under Title II of the ADA by limiting the

ADHD medications available to him while he is on home confinement thus fail to state a claim under the ADA because it does not govern the conduct of federal agencies.

## B.     Rehabilitation Act

To state a claim under Section 504 of the Rehabilitation Act, a plaintiff must allege that he "(1) is a 'handicapped person' as defined by the Rehabilitation Act, (2) is 'otherwise qualified' to participate in the offered activity or benefit; (3) was excluded from such participation solely by reason of h[is] handicap; and (4) was denied participation in a program that receives federal funds." *Biondo v. Kaleida Health*, 935 F.3d 68, 73 (2d Cir. 2019) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009)).

Here, Plaintiff invokes a section of the Rehabilitation Act that relates to the "Duties of National Council," 29 U.S.C. § 781. (ECF 1 at 3.) He challenges the health care that he is receiving but does not allege that Defendants discriminated against him, excluded, him, or treated him differently from others because of his disability. "Courts routinely dismiss [discrimination] suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability." *Crosby v. Petermann*, No. 18-CV-9470 (JGK), 2020 WL 1434932, at *12 (S.D.N.Y. Mar. 24, 2020) (quoting *Elbert v. New York State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 595 (S.D.N.Y. 2010) (collecting cases)); *Maccharulo v. New York State Dep't of Corr. Servs.*, No. 08-CV-0301, 2010 WL 2899751, at *5 (S.D.N.Y. July 21, 2010) ("[N]either the ADA nor Rehabilitation Act provides a cause of action for challenges to the quality of health services provided or for allegations of negligent medical malpractice."). Because Plaintiff makes no allegation that the denial of medical care was because of his disability, he fails to state a claim under the Rehabilitation Act.

4

### C.  Constitutional claims

Plaintiff brings suit against the BOP, alleging that its policy regarding Dextroamp violates his right to substantive due process.[2] Federal agencies, such as the BOP, are immune from suit unless their sovereign immunity has been waived. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). Here, Plaintiff seeks only injunctive relief from the BOP.[3] The Administrative Procedure Act (APA) waives sovereign immunity for claims against federal agencies seeking non-monetary relief. *See* 5 U.S.C. § 702.10. "The Second Circuit has read § 702 'as a waiver of immunity where a proper action is brought under 28 U.S.C. § 1331,' the general federal question jurisdiction statute." *Rivera v. Fed. Bureau of Investigation*, No. 5:16-CV-0997, 2016 WL 6081435, at *6 (N.D.N.Y. Sept. 13, 2016) (quoting *Sprecher v. Graber*, 716 F.2d 968, 973-74 (2d Cir. 1983)), *R & R adopted*, 2016 WL 6072392 (N.D.N.Y. Oct. 17, 2016).

"'[T]he APA's waiver of sovereign immunity applies to any suit whether under the APA or not' because Section 702 'waives sovereign immunity for [any] action in a court of the United States seeking relief other than money damages,' not solely for an action brought under the

---

[2] Plaintiff cannot seek damages against a federal agency, such as the BOP, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See FDIC v. Meyer*, 510 U.S. 471, 485 (1994) (declining to imply a *Bivens* remedy against federal agencies). Nor will a *Bivens* claim for damages lie against Defendants Tri Center, Geo Halfway House, or Bronx Residential Center, which are all private entities providing services to federal prisoners. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (declining to infer a *Bivens* remedy "for damages against private entities acting under color of federal law"); *Minneci v. Pollard*, 565 U.S. 118, 120 (2012) (courts cannot "imply the existence of an Eighth Amendment-based damages action (a *Bivens* action) against employees of a privately operated federal prison.").

[3] Plaintiff has not invoked the Federal Tort Claims Act, which provides for damages only. *See, e.g., Marie v. United States*, No. 19-CV-6854 (VEC) (DCF) 2020 WL 8669752, at *18 (S.D.N.Y. Aug. 12, 2020) ("The plain language of the [FTCA] statute . . . suggests that its waiver of sovereign immunity does not apply to claims for non-monetary relief"). Moreover, an FTCA claim is not available for the violation of a constitutional right. *See FDIC*, 510 U.S. at 477-78 ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). Plaintiff does not allege that he has exhausted FTCA remedies, a jurisdictional requirement. *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

APA." *Gupta v. S.E.C.*, 796 F. Supp. 2d 503, 509 (S.D.N.Y. 2011) (quoting *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006)). "[S]ection 702 waives sovereign immunity not only for suits brought under the APA, but also for constitutional claims brought under the general federal question jurisdiction statute." *Rivera*, 2016 WL 6081435, at *6 (concluding that "the waiver of sovereign immunity set forth in [the APA], 5 U.S.C. §§ 702, applies to Plaintiff's claim for injunctive relief against the federal defendants [the FBI and its officials] inasmuch as he is alleging violation of his constitutional rights").[4] Because Plaintiff's constitutional claim against the BOP is for injunctive relief only, the Court assumes for purposes of this order that Section 702's waiver of immunity applies.

1.    **Substantive Due Process**

A federal prisoner's claim for a violation of his right to due process arises under the Fifth Amendment's Due Process Clause. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This clause has been interpreted as a "protection of the individual against arbitrary action of government." *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)). It has both a procedural component, which protects against the "denial of fundamental procedural fairness," *id.* at 845-46, and a substantive component, guarding the individual against "the exercise of power without any reasonable justification in the service of a legitimate governmental objective," *id.* at 846. A substantive due process claim will not lie unless the

---

[4] *See also Malesko*, 534 U.S. at 62 ("[F]ederal prisoners in private facilities enjoy a parallel [state-law] tort remedy that is unavailable to prisoners housed in government facilities. [Such prisoners] also have full access to remedial mechanisms established by the BOP, including suits in federal court for injunctive relief—long recognized as the proper means for preventing entities from acting unconstitutionally—and grievances filed through the BOP's Administrative Remedy Program."); *Carlson v. Green*, 446 U.S. 14, 42 (1980) ("The broad power of federal courts to grant equitable relief for constitutional violations has long been established.").

defendant's conduct is found to be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* (quoting *Lewis*, 523 U.S. at 848 n. 8 (internal quotation marks omitted)); *Ferran v. Town of Nassau*, 471 F.3d 363, 370 (2d Cir. 2006) (governmental action must be "arbitrary, conscience-shocking, or oppressive in the constitutional sense, not merely incorrect or ill-advised," to be actionable as a substantive due process violation).

"[C]onduct intended to injure in some way, unjustifiable by any government interest, is the sort of official action most likely to rise to the conscience-shocking level." *Lewis*, 523 U.S. at 849; *see also Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 252 (2d Cir. 2001) ("[M]alicious and sadistic abuses of government power that are intended only to oppress or to cause injury and serve no legitimate government purpose unquestionably shock the conscience."). By contrast, "negligently inflicted harm is categorically beneath the threshold." *Lewis*, 523 U.S. at 849.

Here, Plaintiff challenges a BOP policy that prevents him from receiving Dextroamp, an ADHD medication that qualifies as a controlled substance. He seeks to enjoin the BOP from applying the policy to him on the ground that he does not have a history of abusing that particular medication. Plaintiff further argues that he already receives a controlled substance (suboxone) to "treat his alcohol and opioid cravings." ECF 1 at 4. First, it is unclear what policy has been applied to Plaintiff: whether it is a policy limiting prescription medications that qualify as controlled substances, a policy regarding ADHD medication generally, or a specific policy targeting Dextroamp.[5]

---

[5] A district court addressing a similar challenge described the BOP's policies as follows: "Inmates may be prescribed medications that are not on the National Formulary after a medical practitioner obtains approval from the institution's pharmacist, the facility's clinical director, the regional pharmacist, and finally the BOP's chief psychiatrist or medical director. The National Formulary also provides a list of pre-requisites for each specific non-formulary drug. Drugs used

In addition, a substantive due process claim is not available where it duplicates other more particularized constitutional claims. *HARR, LLC v. Town of Northfield*, 423 F. Supp. 3d 54, 66 (D. Vt. 2019). A prisoner's constitutional challenge to his medical care arises under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff thus cannot pursue a substantive due process claim on these facts because a more particularized claim is available under the Eighth Amendment.

2. **Deliberate indifference to serious medical needs**

To establish a claim under the Eighth Amendment that prison officials acted with deliberate indifference to a serious medical need, a plaintiff must show both that he had an objectively serious medical need, and that the officials acted with a subjectively culpable state of mind. The "subjective" or "mental" element requires a convicted prisoner to allege that a prison official "'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Darnell v. Pineiro*, 849 F.3d 17, 32 (2d Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim. *See Estelle*, 429 U.S. at 106.

---

for treatment of ADHD, such as Adderall and Strattera, are non-formulary drugs due to their highly addictive properties. As pre-requisites for obtaining approval of these drugs, a medical practitioner must certify and submit written evidence that (1) a prisoner has attempted to manage his symptoms with counseling and coping mechanisms for six months with no success, and (2) a prisoner has tried "noradrenergic re-uptake inhibitor" medication for six weeks with no success." *Zoukis v. Wilson*, No. 14-CV-1041, 2015 WL 4064682 (E.D. Va. Jul. 2, 2015) (holding that doctor was entitled to qualified immunity because, among other reasons, the "Eighth Amendment does not require defendants to provide prisoners with the medical care of their choice").

The Court assumes for purposes of this order that Plaintiff's ADHD is an objectively serious medical need. Plaintiff has not named any individual defendant whom he alleges was deliberately indifferent to his serious medical needs. He alleges, for example, that Dr. Tina, his treating physician at TriCare Center, Inc., "agreed with" him and has "advocated and argued with the BOP . . . to administer Adderall." (ECF 1 at 4.) The allegations of the complaint thus do not suggest that Dr. Tina, or any other individual, is deliberately indifferent to Plaintiff's serious medical needs.

Plaintiff's allegations could be construed as making a claim that, as applied to him, the BOP's policies constitute deliberate indifference to his serious medical needs. Because Plaintiff has not specifically indicated the nature of any relevant BOP policy, however, he does not show that a BOP policy operates with deliberate indifference to his serious medical needs.[6] It is unclear from Plaintiff's allegations if he simply asserts a disagreement about medical treatment, which is not cognizable as a violation of his constitutional rights. *See, e.g., Zoukis,* 2015 WL 4064682, at *8 ("Plaintiff's argument essentially consists of a disagreement with [federal] officials about his preferred method of ADHD treatment. Such an argument does not implicate the Eighth Amendment."); *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (finding no cognizable Eighth Amendment claim warranting change in sentencing where, although the BOP did not stock dextroamphetamine, it "does have other medications available on its formulary for treatment of ADHD and has developed non-formulary use criteria for treatment of ADHD based on symptom severity"). The Court grants Plaintiff leave to replead his claims of

---

[6] Plaintiff does not indicate that he exhausted the BOP's administrative remedies, but this is not a pleading requirement. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that "inmates are not required to specially plead or demonstrate exhaustion in their complaints"). Rather, a defendant can raise lack of exhaustion as an affirmative defense.

deliberate indifference to his serious medical needs. If Plaintiff chooses to file an amended complaint and repleads his claims of constitutionally inadequate medical care, in order to state a claim he should include allegations about what medical care he has received, which BOP policies are affecting his medical care, whether federal officials have been made aware of his lack of success with current treatments, and what further steps, if any, have been taken when treatment was unsuccessful.

### D.    Preliminary Injunctive Relief

Plaintiff, proceeding *pro se,* has filed a request for preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions at this stage do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for emergency injunctive relief is denied.

### E.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Plaintiff is therefore granted leave to amend his complaint to replead his constitutional claim for injunctive relief.[7]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

---

[7] Plaintiff moves to seal this action. Viewing of the pleadings has, at this stage, been restricted. If Plaintiff chooses to file an amended complaint, and the action proceeds, the Court will address Plaintiff's motion to seal the action.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's request for emergency injunctive relief is denied. The Court grants in part Plaintiff's motion to seal and directs the Clerk of Court, at this stage, to restrict viewing of this action to the parties.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-4557 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     August 15, 2022
           New York, New York


                                        /s/ Laura Taylor Swain
                                    _____
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial         Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                State          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____