UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN FITZGERALD MESCALL,<br><br>                               Plaintiff,<br><br>-against-<br><br>FEDERAL BUREAU OF PRISONS; TRI-CENTER; FEDERAL BUREAU OF PRISONS CHIEF PSYCHIATRIST; TRI-CENTER PSYCHIATRIST TINA RENDINI; FEDERAL BUREAU OF PRISONS MEDICAL DIRECTOR; BRONX REENTRY CENTER (GEO) JESSICA ORTIZ,<br><br>                               Defendants. | 22-CV-4557 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff, who has been released by the United States Bureau of Prisons to home confinement and is appearing *pro se*, brings this action seeking injunctive relief in connection with his medical treatment. By order dated September 19, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on the federal defendants (the United States Bureau of Prisons (BOP); BOP Medical Director; and BOP Chief Psychiatrist) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. As to these defendants, the Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

To allow Plaintiff to effect service on the remaining defendants (TriCenter, Inc., Tina Rendini, M.D., Bronx Community Reentry Center, and Jessica Ortiz) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a USM-285 form for each defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon each defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to: (1) issue summonses for all defendants, (2) complete USM-285 forms with the service addresses for all defendants, (3) for the federal defendants (BOP, BOP Chief Medical Director, and BOP Chief Psychiatrist) mark the box on the

USM-285 forms labeled "Check for service on U.S.A.," and (4) deliver to the U.S. Marshals Service all documents necessary to effect service of summonses and the complaint on all defendants.

The Clerk of Court is further directed to issue an information package, including a copy of this Order, to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 21, 2022
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3

**DEFENDANTS AND SERVICE ADDRESSES**

1. U.S. Bureau of Prisons
   320 First St. NW
   Washington, DC 20534

2. Bureau of Prisons Medical Director
   320 First St. NW
   Washington, DC 20534

3. Bureau of Prisons Chief Psychiatrist
   320 First St. NW
   Washington, DC 20534

4. TriCenter, Inc.
   2488 Grand Concourse
   Bronx, NY 10458

5. Tina Rendini, M.D.
   TriCenter, Inc.
   2488 Grand Concourse
   Bronx, NY 10458

6. Bronx Community Reentry Center
   2534 Creston Avenue
   Bronx, NY 10468

7. Jessica Ortiz, Case Manager
   Bronx Community Reentry Center
   2534 Creston Avenue
   Bronx, NY 10468